IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **U.S. WELL SERVICES, LLC** §<br>   *Plaintiff,* §<br> §<br>**v.** §<br> §<br> §<br>**ACME TRUCK LINES, INC.** §<br>   *Defendant.* § | **CIVIL ACTION NO. _____** |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff U. S. Well Services, LLC ("USWS") respectfully files this Original Complaint for Declaratory Judgment, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202, seeking a declaration from the Court that ACME Truck Lines, Inc. owes contractual defense and indemnity to USWS pursuant to the Master Services Agreement ("MSA") between the parties dated April 19, 2017.  USWS respectfully shows the Court as follows:

### I.
### PARTIES

1. Plaintiff USWS is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas.

2. Defendant ACME is a corporation organized and existing under the laws of Louisiana, with its principal place of business in Louisiana.

3. Defendant ACME is registered to do business in Texas and may be served with process by and through its registered agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 2201 and 2202 insofar as USWS now seeks a declaration of its rights and obligations under the MSA at issue. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in this District and Division.

## III.

## FACTS

### THE UNDERLYING LAWSUIT AND CLAIMS

6. This lawsuit is a contractual indemnity dispute arising out of a lawsuit filed by David Larkins in the 165th Judicial District Court of Harris County, Texas at Cause No. 2019-10006 and styled *David Larkins v. U.S Well Services, LLC, U.S. Well Services, Inc. and PACCAR, Inc.* ("the Underlying Lawsuit").

7. In the Underlying Lawsuit, David Larkins asserts claims arising from an accident that occurred on December 2, 2018 in Brazos County, Texas while Larkins was working for ACME and driving a tractor-trailer owned by USWS. Plaintiff Larkins alleges negligence by USWS in failing to maintain, inspect and repair its vehicle that allegedly resulted in the vehicle's engine exploding and causing the vehicle to swerve off the road and drive into a ditch.

8. USWS has responded in the Underlying Lawsuit and denied liability. Discovery is ongoing.

9. Plaintiff in the Underlying Lawsuit has also alleged a manufacturing defect in the truck's engine, and has sued the manufacturer, PACCAR, Inc. for those alleged defects.

### THE APRIL 19, 2017 MASTER SERVICES AGREEMENT BETWEEN USWS AND ACME

10. The April 19, 2017 MSA between USWS and ACME provides in relevant part regarding ACME's duty to defend and indemnify USWS as follows:

Section 5.0 Indemnity

5.1 It is agreed by both Company [USWS] and Contractor [ACME] certain responsibilities and liabilities for personal injuries, bodily injuries, death and property damage arising from the performance of this Agreement should be allocated between them in order to avoid protracted litigation.

\* \* \*

5.2 Definitions

\* \* \*

b. "CONTRACTOR GROUP" shall mean, individually, and in any combination, Contractor, its . . . employees and invitees.

\* \* \*

f. **"REGARDLESS OF FAULT"** SHALL MEAN WITHOUT REGARD TO THE CAUSE(S) THEREOF INCLUDING, WITHOUT LIMITATION . . . THE NEGLIGENCE OF FAULT OF ANY PERSON OR PARTY, EXPRESSLY INCLUDING THE INDEMNITEE [USWS] WHETHER SUCH NEGLIGENCE BE SOLE, JOINT AND/OR CONCURRENT, ACTIVE OR PASSIVE, OR ANY OTHER THEORY OF LEGAL LIABILITY, BUT EXPRESSLY NOT

INCLUDING GROSS NEGLIGENCE OR WILFULL MISCONDUCT OF THE INDEMNITEE [USWS].

5.3   Contractor [ACME] shall release, Defend, and indemnify Company Group [USWS] from and against all Losses arising in connection herewith in favor of any member of Contractor Group [USWS] on account of bodily injury, death, or damage to property**, REGARDLESS OF FAULT**."

\* \* \*

5.9   The release, indemnity, and defense provisions of this Agreement shall apply to any and all Services, work performed, services rendered or material supplied by [ACME] on behalf of [USWS].

*See* USWS/ACME MSA, attached hereto and incorporated by reference herein as Exhibit A at Section 5 (Bold in original).

11.   The claims by ACME employee Larkins in the Underlying Lawsuit arise out of or in connection with the work and services performed by ACME for USWS.

12.   The express terms of the MSA, in bold, and all caps, make clear that ACME has a duty to defend and indemnify USWS for Larkins's claimed injuries "**REGARDLESS OF FAULT**."

13.   USWS has demanded that ACME indemnify USWS and provide USWS a defense with respect to attorney's fees and costs incurred in connection with the Underlying Lawsuit, but ACME has failed and refused to do so.

## IV.

## REQUEST FOR DECLARATORY RELIEF

14.     Plaintiff USWS Incorporates by reference the allegations and averments contained in 1 through 13 above, as though set forth fully herein.

15.     USWS invokes this Court's power to render a declaratory judgment. As set forth above, there is an actual controversy concerning the contractual defense and indemnity available to USWS and owed by ACME.

16.     The terms of the MSA are clear and unequivocal. ACME has both a duty to defend and a duty to indemnify USWS in the Underlying Lawsuit, but it has failed and refused to do either. Therefore, Plaintiff USWS asks that it be granted the following relief from this Court:

    A.     a declaration by the Court that the ACME owes a duty to defend and indemnify USWS under the terms of the MSA;

    B.     a declaration by the Court that ACME must reimburse USWS for defense costs incurred on behalf of USWS in the Underlying Lawsuit;

    C.     a declaration by the Court that ACME is responsible for any damages awarded against USWS as a result of the Underlying Lawsuit;

    D.     such other and further relief as the Court deems just and equitable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff USWS prays for judgment declaring the rights and obligations of the parties as set forth above, and for such other and further relief, both at law and in equity, as it may show itself justly entitled.

                  Respectfully submitted,
                  **LANZA LAW FIRM, PC**


                BY:    /s/ *Matthew L. Witherel*
                      Nicholas J. Lanza

SBN: 11941225
E-Mail: nlanza@lanzalawfirm.com
E-Service: eservice@lanzalawfirm.com
Matthew L. Witherel
SBN: 24081385
E-Mail: mwitherel@lanzalawfirm.com
E-Service: eservicel@lanzalawfirm.com
4950 Bissonnet Street
Houston, Texas 77401
Phone: (713) 432-9090
Fax: (713) 668-6417

**ATTORNEYS FOR PLAINTIFF U.S. WELL SERVICES, LLC**